**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**APRIL D. MARTINEZ,**

    **Plaintiff,**

vs.                                          **Case No. 8:04-cv-2299-T-MSS**

**JO ANNE B. BARNHART,
Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge, the exhibits filed, the administrative record and the pleadings and memoranda submitted by the parties in this case.

**I.**     **Background**

    **A.**     **Procedural History**

Plaintiff protectively filed an application for supplemental security income in August 2001. (T. 104-06) Plaintiff alleged an onset of disability date of July 31,

1

2001, due to chronic low back pain, degenerative disc disease and fibromyalgia. (T. 25) Her application was denied initially and upon reconsideration. Plaintiff requested a hearing (the "ALJ Hearing"), which was held on March 3, 2004, before ALJ Dores D. McDonnell, Sr. (the "ALJ"), during which Plaintiff was represented by counsel. (T. 31) In a decision dated April 2, 2004, the ALJ denied Plaintiff's claims for benefits. (T. 24-31) The Appeals Council denied review of the decision on September 14, 2004. (T. 5-7) This action for judicial review ensued.

**B.     Medical History and Findings Summary**

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff complained of a history of, among other things, chronic low back pain, degenerative disc disease and fibromyalgia. (T. 25)

At the hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians. After considering the evidence, the ALJ found that although Plaintiff suffered from severe impairments including, chronic low back pain, mild degenerative disc disease, left shoulder biceps tenosynovitis, bronchitis and cystitis (resolved) and fibromyalgia, she did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (T. 30, Finding No. 2)

The ALJ found Plaintiff's allegations regarding her symptomatology and resulting limitations were not fully credible. (T. 30, Finding No. 3) The ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform sedentary to light work with pushing, pulling, lifting and/or carrying up to ten (10)

pounds; sitting up to six (6) hours in an eight (8) hour workday with intermittent standing and/or walking and with limited reaching or grasping with the left upper arm. (T. 29-30)  The ALJ determined that Plaintiff could perform her past work as a clerical worker and therefore concluded Plaintiff was not disabled under the Act. (T. 29)

Plaintiff contends that the decision of the ALJ must be reversed and remanded for further hearing for the following reasons: (1) the ALJ erred in failing to give proper weight to the opinion of Plaintiff's treating physician; (2) the ALJ erred in finding Plaintiff's allegations were not totally credible; and, (3) the ALJ erred by not calling a vocational expert ("VE") to testify.

For the reasons that follow, the Undersigned **REVERSES** the decision of the Commissioner and **REMANDS** the case for further proceedings.

## II.    Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal

3

conclusions; rather the Court reviews the application of law *de novo*.  See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard.  McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987).

### III. Discussion

#### A. WHETHER THE ALJ ERRED IN FAILING TO GIVE GREAT WEIGHT TO THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN.

Plaintiff first contends that the ALJ erred in failing to give great weight to the opinion of Plaintiff's treating physician and improperly affording controlling weight to the opinion of the Commissioner's non-examining, consulting physician. The Commissioner argues first that Plaintiff failed to identify which treating physician, from the several in Plaintiff's file, to whom she is referring. The Commissioner surmises that Plaintiff is referring to, Dr. Farrukh Zaidi, a rheumatologist, who indicated that Plaintiff could do less than sedentary work on an RFC questionnaire. (T. 198-205) The Commissioner argues that there was good cause to discount Dr. Zaidi's opinion because "he furnished little in the way of clinical or diagnostic abnormalities to support this opinion, and it appears he merely was responding to the [Plaintiff's] reported symptoms." (T. 29)

4

In addition, the Commissioner also reviewed the findings of Dr. Anselmo Deasis, Dr. M.H. Mizra and Dr. James Van DeWall. The Commissioner states that Dr. Deasis noted that although Plaintiff had been seen for complaints of neck and back pain, Plaintiff's physical exam was unremarkable. (T. 190; Comm. Br. at 7) With respect to Dr. Mizra, the Commissioner contends that while he found Plaintiff had multiple complaints of pain and weakness, a spinal x-ray did not reveal any scoliosis or degenerative joint disease. (T. 173; Comm. Br. at 7) Finally, with respect to Dr. Van DeWall, a rheumatologist, the Commissioner notes that Dr. Van DeWall found that Plaintiff's examination was completely within normal limits, with the exception of trigger points. (T. 188-89; Comm. Br. at 7)

The controlling body of law on the priority of medical evidence provides that the treating physician's opinion may not be rejected absent good cause to the contrary. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Furthermore, that good cause finding must be set forth expressly on the face of the ALJ's opinion. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Commissioner." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir.1988)(citation omitted); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986). The reports of reviewing, non-examining physicians do not constitute substantial evidence on which to base an administrative decision. Spencer on Behalf of Spencer v. Heckler, 765 F.2d 1090, 1093 (11th Cir.1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir.1980); Lamb, 847 F.2d at 703 ("The opinions of non-examining, reviewing physicians . . . when contrary to those

5

of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence.") Further, the good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of the treating physician. Johns v. Bowen, 821 F.2d 551 (11th Cir.1987). This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients and in that capacity are best qualified to assess the nature of the claimed disability. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Upon a review of the record, the Court finds that the ALJ did not provide good cause to reject Dr. Zaidi's opinion. Dr. Zaidi began treating Plaintiff in December 2003 for chronic adhesive capsulitis of the left shoulder and fibromyalgia syndrome. As noted above, when completing a Fibromyalgia RFC questionnaire for Plaintiff, Dr. Zaidi indicated that Plaintiff could do less than sedentary work. (T. 198-205) Specifically, Dr. Zaidi found that Plaintiff was limited as follows: she could sit, stand/walk less than two hours each in an eight-hour workday with the need to have periods of walking around about five minutes every thirty minutes and also with the need to take unscheduled breaks for five to fifteen minutes every one-two hours. She could lift and carry less then ten pounds and would have limitations for repetitive reaching, grasping, handling or fingering with the upper left extremity, or for bending and twisting. She should avoid concentrated exposure to extreme cold or heat, high humidity, chemicals, solvents/cleaners, soldering fluxes, cigarette smoke, perfumes,

6

fumes, oders, dusts, gases, etc. Dr. Zaidi also indicated that Plaintiff could walk one block, sit thirty minutes at a time and stand fifteen minutes. Finally, Dr. Zaidi noted that Plaintiff would expect to be absent from work more than three times a month. (T. 27-28;198-205)

Consistent with these observations, Plaintiff and her witness addressed Plaintiff's limitations. In this regard, Plaintiff and/or her husband testified that Plaintiff was incapable of grocery shopping without aid (T. 66), seeing to some of her own personal hygiene, i.e., shaving (T. 62; 69), dressing herself without aid (T. 62), cooking anything more than a quick and easy meal (T. 62) and doing most housework. (T. 66-67) In addition, Plaintiff testified that three to five days out of the week, she remained in bed all day. (T. 59) Finally, Plaintiff testified that due to her medications she was incapable of driving and had concentration and memory problems. (T. 63-64)

The ALJ accepted Dr. Zaidi's diagnosis that Plaintiff suffers from fibromyalgia. (T. 30, Finding No. 2) Despite this acknowledgment, the ALJ failed to take into account what the Eleventh Circuit has stated about fibromyalgia. Specifically, the Eleventh Circuit stated that fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms . . . the impairment's hallmark is thus a lack of objective evidence . . . ." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). In addition, the Eleventh Circuit has also noted that "a treating physician's testimony can be particularly valuable in fibromyalgia cases, where objective evidence is often absent." Id. at 1212, citing

7

Stewart v. Apfel, 2000 WL 33125958 (11th Cir. Dec. 20, 2000).  Finally, in Morrison v. Barnhart, the Court stated that the Eleventh Circuit has observed:

> [Fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective.  There are no laboratory tests for the presence or severity of fibromyalgia.  Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996).  A treating physician's determination that a patient is disabled due to fibromyalgia is even more valuable because there are no objective signs of severity and the physician must interpret the data for the reader.

Morrison v. Barnhart, 278 F. Supp. 2d 1331, 1335-36 (M.D. Fla. 2003).

Despite this clear directive, the ALJ specifically rejected Dr. Zaidi's findings, primarily because he furnished "little in the way of clinical or diagnostic abnormalities to support this opinion . . . ." (T. 29)  Further, in rejecting the Plaintiff's treating physician, the ALJ relied instead on the findings of a consultative state agency physician who found that Plaintiff is able to perform "light work-related activities." (T. 28) The ALJ wrote the he relied on the state agency physician's opinion because "this opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence and, therefore, is entitled to substantial weight." (T. 28) To the contrary, this consultant provided no tests, ordered no labs and conducted no examination of Plaintiff.  His opinions are entirely based on a review of the medical records. An additional settled principle of law is that the opinion of a state agency non-examining reviewing doctor does not prevail over the opinion of a treating physician.  Broughton v. Heckler, 776 F.2d 960, 961 (11th Cir. 1985).  Further such an opinion does not

constitute substantial evidence on which to base a finding of non-disability. <u>Sharfarz v. Bowen</u>, 825 F.2d 278, 280 (11th Cir. 1987).

The Court also notes that the ALJ rejected Plaintiff's mental impairment by finding that Plaintiff has never been referred for psychological or psychiatric evaluation and/or treatment and, when prescribed anti-depressants, Plaintiff refused them. (T. 29) Citing to lack of record evidence, the ALJ denied Plaintiff's attorney's request that he order a consultative mental examination and rejected Plaintiff's mental impairment as not severe foreclosing further consideration of it past Step Two of the sequential analysis. The ALJ was in error in this regard. The record, as well as direct testimony by Plaintiff, prove that Plaintiff was in fact taking, Amitriptyline, a known antidepressant. (T. 73; 195)

On remand the ALJ must accept Dr. Zaidi's findings as true. <u>See</u> <u>MacGregor v. Bowen</u>, 786 F.2d 1050 (11th Cir.1986). Additionally, if doing so does not mandate a finding of disability, the ALJ must also address Plaintiff's mental impairment and its affect on her ability to be gainfully employed.

Because the Undersigned ordered a reversal and remand on Plaintiff's first asserted point of error, Plaintiff's second and third points of error as asserted need not be addressed. The Court would note, however, that the ALJ's finding suggested that a VE was consulted in assessing whether Plaintiff's limitations precluded her performance of past relevant work. <u>See</u> Finding No. 5 at T. 30. A review of the transcript of the hearing reveals that was not the case. In light of Plaintiff's limitations, even as found, such an evaluation might have proved helpful.

9

## IV. Conclusion

For the reasons set forth above, the Undersigned therefore **REVERSES** the decision of the Commissioner and **REMANDS** this case for further proceedings in accordance with this Order. The Court **ENTERS** judgment in favor of Plaintiff and **DIRECTS** the Clerk to enter judgment pursuant to Rule 58 and **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on this 30th day of March 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of record